Entered on Docket
February 19, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: February 18, 2015



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 14-30495DM
MORTEZA TAABODI, )
) Chapter 7
)
Debtor. )
_____)

MEMORANDUM DECISION ON OBJECTION TO
HOMESTEAD EXEMPTION

I.  INTRODUCTION

On January 28, 2015, the court conducted a trial on the objections of Barry Milgrom, Chapter 7 Trustee ("Trustee") to the homestead objection claimed by debtor Morteza Taabodi ("Debtor"). Trustee appeared and was represented by Jennifer C. Hayes, Esq., one of his attorneys; Debtor appeared and was represented by Victor Simon, Esq., his attorney.

Having considered the evidence presented and the arguments of counsel, the court concludes that Debtor is entitled to the $175,000 homestead exemption that he has claimed, and therefore Trustee's objections to Debtor's homestead exemption should be overruled.

Case: 14-30495   Doc# 87   Filed: 02/18/15   Entered: 02/19/15 10:20:17   Page 1 of 5

II. DISCUSSION[1]

The parties entered into a Stipulation of Facts (Docket No. 79) that the court incorporates by reference and will not repeat here. The only question presented for trial is whether Debtor's exemption in his residence should be limited to $75,000 or is he entitled to an exemption, characterized by Trustee as an "enhanced homestead exemption," of $175,000.

The controlling law is found in California Code of Civil Procedure Section 704.730(a)(3)(C). That section entitles a debtor to claim the enhanced homestead exemption of $175,000 if at the time of the attempted sale of the homestead, the person is "55 years of age or older with a gross annual income of not more than $25,000 ...".

There has been no forced sale of the Debtor's residence, but it is well settled bankruptcy law that an exemption is determined based upon the situation as it exists on the petition date, here March 31, 2014. Thus, in order to qualify for the enhanced homestead exemption, Debtor must have been 55 years of age on the petition date and as of that date his gross annual income could not exceed $25,000.

Turning to the first of these two factual inquiries, Trustee relies on statements made by Debtor at his May 7, 2014 Meeting of Creditors. At that time he stated that he was 54 as of the petition date. That assertion is supported by Debtor's California driver's license which reflects a birth date of December 20, 1959. Now Debtor relies on his birth certificate and passport, both

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

issued in Iran and both of which reflect a birth date of March 21, 1959, establishing that as of the petition date Debtor was 55.

Debtor's trial testimony and his passport and birth certificate establish by a preponderance of the evidence that he was 55 when he filed his petition. Although his explanation of his prior inconsistent testimony at the meeting of creditors, and the unexplained later birth date as reflected in the driver's license support the Trustee's contentions, the court is persuaded by the evidence that Debtor was simply in error when he testified. He had no explanation for the later date in the driver's license.

Having determined that the Debtor was 55 when he filed bankruptcy, the only other disputed fact question is whether five payments of $3,472.53 paid by Debtor's sister directly to the mortgage holder on Debtor's residence constituted income to Debtor or were loans to him from his sister.[2]

If the payments made by Debtor's sister were part of his gross annual income, then those payments and others that are undisputed and reflected in the Stipulation Of Facts, take the annual income above the $25,000 limit and disqualify Debtor from claiming the enhanced homestead exemption. If they were loans, however, his other 2014 income does not exceed $25,000 and he is eligible the enhanced homestead exemption.

The court is satisfied from the Debtor's testimony, and from the testimony of other witnesses, that the five payments referred

---

[2] Only one of the five payments was made prior to Debtor's petition and the other four were made in April, May, June and July, 2014. That they were post-petition payments is not of any concern because the parties agreed that the relevant inquiry is what is the Debtor's gross annual income for 2014.

-3-

to above were loans to him and not income.  The court reaches this factual determination again on a preponderance of the evidence basis.  The court is concerned about repeated instances in the Debtor's original schedules and in amended schedules that reflect payments from Debtor's sister as income and not loans, and further, that the schedule of creditors does not include Debtor's sister.  Those facts point towards income as contended by the Trustee.[3]  The Trustee argues that the Debtor's sworn statements are binding judicial admissions.  That is normally the case, but the court will not ignore the fact that the Debtor may easily have been confused by the terminology and the format for various schedules.  It is the responsibility of counsel, of course, to make sure his client understands the forms that are being completed and the gravity of swearing under penalty of perjury that those forms are true and correct.

But judicial estoppel will not change the underlying fact established by the preponderance of the evidence.  Debtor's sister, while spending a short period of time with her brother would not pay in excess of $3,000 a month for room rent.  It was part of a cultural family tradition for family members to help each other out at various times.  The transactions involving Debtor's sister were unmistakably either gifts to him or loans for him to repay at sometime in the future.  Debtor's statement that

---

[3] After trial Debtor amended his schedules and on February 4, sent an ex parte letter to the court forwarding a copy of the amended Schedule F wherein Debtor listed his sister as a creditor. The court placed that letter on the court's docket (Docket No. 84) and Trustee objected to the post-trial amendments and the Debtor responded.  The court does not need to resolve that post-trial dispute.

-4-

he did not list his sister as a creditor because he intended to pay her some day is not persuasive and again, reflects the responsibility of counsel to educate his client rather than to constitute a basis to deprive Debtor of a substantial increase by virtue of the enhanced homestead exemption. Nor does such an omission turn a gift or loan into income.

In summary, by the preponderance of the evidence the court finds that Debtor was 55 when he filed his bankruptcy and in the calendar year 2014, his gross annual income was below the $25,000 cap found in California Code of Civil Procedure 704.730(a)(3)(C). Accordingly, the Debtor is entitled to his enhanced homestead exemption and the Trustee's objections shall be overruled.

III. DISPOSITION

Counsel for Debtor should serve and upload a form of order overruling the Trustee's objections to Debtor's exemption and allowing him the enhanced homestead exemption in his residence up to $175,000 for the reasons stated in this Memorandum Decision. Counsel should comply with B.L.R. 9021-1.

**END OF MEMORANDUM DECISION**